UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                        Chapter 13
                                                                                   Case# 12-13196 (SHL)
Wendy A. O'Shields

                              Debtor .
-----------------------------------------------------------X

Amended
Status Report

      The status report filed on March 28, 2013 mistakenly referred to the matters on the calendar on March 7. That reference should have been to April 4, 2013
      In the report below, the only changes are to the corrected calendar date and to add that the Trustee does not have an objection to an adjournment of the hearing to May 2, 2013.

      The following maters are on the calendar on April 4, 2013:
              Confirmation Hearing - Debtor will request the hearing be adjourned
              - An Objection to Plan filed was filed by Tuckernuck MV LLC ("Tuckernuck LLC")

Debtor will not be asking the Court to approve confirmation on April 4, but will respond to any questions from the Court and request and adjournment to May 2, 2013. The Trustee has no objection to the hearing being adjourned to May 2, 2013. As noted below, Debtor will ask that the case be called on second call on April 4.

      The Trustee filed a motion to dismiss returnable on February 7, 2013, Debtor filed a response to that motion. At the hearing on February 7, the Court did not rule on the motion, but thereafter entered a "Court's Order regarding Future Proceedings" which covered most of the issues raised by the Trustee's motion. The Trustee' motion is not shown on the calendar on the SDNY website.

Background

      The case was filed in July 2012 by Debtor, pro se. A plan and all schedules have been filed. The Plan provides for all creditors to be paid 100%. However, depending on whether it is anticipated the funds for the Plan will come from a refinancing or sale of Debtor's property on Martha's Vineyard, the Plan will be amended to more accurately show the source and timing of the funds.

The Martha's Vineyard Pproperty

      The primary issue and claim in the case involve the land and building (the "Martha's Vineyard Property") at 53 Tuckernuck Avenue, Oak Bluffs, MA on Martha's Vineyard, which has been in Debtor's family since the 1930s.

      In December 2008, Debtor obtained a mortgage loan fo $242,000 from a private lender to obtain monies to repair and enhance the building on the Martha's Vineyard Property. The mortgage proceeds were to be paid out to Debtor as work was performed. However, shortly after the process started, it was discovered that the party selected by the mortgagee to hold the mortgage funds "in escrow" before they were to be paid to Debtor and the party selected to

Status Report
Wendy A. O'Shields
April 3, 2013
Page 2

service the loan (Resources Mortgage Corp., Inc. and C L & M, Inc.) were crooks and the funds were not available. Chapter 7 cases for each of those entities were filed in New Hampshire under case nos. 09-14565 and 09-14566 (JDD).

Upon information and belief, the private lender assigned the note and mortgage to a wholly owned entity, Tuckernuck MV LLC ("Tuckernuck LLC"), which has appeared as a creditor in this case and filed a claim for $323,651.

Debtor retained Clancy Appraisals ("Clancy") in Falmouth, MA to get an appraisal of the value of the Martha's Vineyard Property. A contractor that has performed work on the Martha's Vineyard Property and is familiar with values in the area has indicated that he thought the Martha's Vineyard Property was worth approximately $550,000. Clancy viewed the property and to provide its appraisal, requested additional information from Debtor as to copies of the plans of the building and the cost and nature of improvements intended to be performed by Debtor. Before rendering any report or indication of price or value, Clancy withdrew from the retention. Debtor has secured the services of another appraiser and has been advised that they will have an indication of value by April 2, 2013.

Debtor has been in discussions with Ideal Properties ("Ideal") seeking a mortgage loan to obtain the proceeds necessary to pay Tuckernuck LLC and obtain funds to renovate the property. Ideal advised Debtor that she should be able to obtain a mortgage with a 30 year term at a fixed rate of approximately 4%.

Ideal has requested an appraisal before they will issue a commitment letter or finalize terms of a loan would be granted.

Depending on the results of the discussions with Ideal, Debtor will seek to obtain a mortgage from Ideal for sufficient funds to pay off Tuckernuck LLC and renovate the Martha's Vineyard Property, or place the Martha's Vineyard Property for sale. Debtor will then amend its plan to provide for the appropriate course of action.

Debtor is seeking prospective brokers who would be able to assist in the sale of the property if Debtor determines that a sale is the appropriate course of action.

As Debtor anticipates amending its Plan based on the results of the appraisal and its meeting with Ideal.

Debtor will seek to adjourn the confirmation hearing to enable it to better specify the source and timing of the funds.

Debtor's Employment

After filing the case Debtor obtained employment at Montefiore Hospital. That position proved to be temporary and ended.

Currently, Debtor is working a position in security with Allied Barton at $11.00 per

Status Report
Wendy A. O'Shields
April 3, 2013
Page 3

hour (40 hour week). As she has in the past, Debtor is also working with H&R Block and will continue to do so during tax season, this work pays $9.75 per hour and Debtor estimates that she will work approximately 30 hours per week in this temporary job. Debtor is also doing some database work with some clients on an independent basis. Debtor anticipates this independent work will bring in a maximum of $700 per month at this time.

### Payments to Trustee

Debtor will be mailing a check for $50 to the Trustee on March 29, 2013. With that payment, Debtor believes she will be current with the Trustee.

### Request for Second Call on April 4

On April 4, 2013 at 11:30 a.m., Debtor's counsel is scheduled to appear before Judge Trust in the EDNY in Central Islip representing a purchaser of a commercial property from a Debtor. Based on the train schedules, it is likely that Counsel will not be able to be in Court at Bowing Green until about 3:00 pm. It is requested that Debtor's case be called on second call. Debtor's counsel will call chambers on April 3 to confirm this request.

Dated: April 3, 2013

/s/ Lewis W. Siegel
_____
Lewis W. Siegel

Attorney for Wendy A. O'Shields

630 Third Avenue - 7th Floor
New York, NY 10017
(212) 286-0010